**LAW OFFICE OF STEPHEN T. CARPENITO**
**BY:    STEPHEN T. CARPENITO, ESQUIRE**
          **ATTORNEY ID# 68860**                    **COUNSEL FOR PLAINTIFFS**

**615 CENTRE STREET**
**ASHLAND, PA 17921**
**TELE: (570)875-3500**

| | |
|---|---|
| LARRY  PADORA, SONJA PADORA, BUDDY A. TOUCHINSKY, D.C., individually and d/b/a Blue Mountain Family Chiropractic, ROBERT HEFFNER, and JOSEPH D. STERNS,<br><br>                              Plaintiffs,<br><br><br>          vs.<br><br>FRANK KENNEDY,<br>JEFF BLACKMAN,<br>JOHN DOE #1 (a.k.a. Floyd the Barber),<br>JOHN DOE #2 (a.k.a. Ghost of Todd Fritz),<br>JOHN DOE #3 (a.k.a. anon),<br>JOHN DOE #4 (a.k.a. John Bushar),<br>JOHN DOE #5 (a.k.a. Local News),<br>JOHN DOE #6 (a.k.a. Incinerator),<br>JOHN DOE #7 (a.k.a RIP Todd Fritz),<br>JOHN DOE #8 (a.k.a. John Bushars gay lover),<br>JOHN DOE #9 (a.k.a. Yorkville Crusader),<br>JOHN DOE #10 (a.k.a. Tommy),<br>JOHN DOE #11 (a.k.a LADYGOOGOO),<br>JOHN DOE #12 (a.k.a. Padoras Italian Bakery),<br>JOHN DOE #13 (a.k.a Bread with Rat droppings),<br>JOHN DOE #14 (a.k.a. Disgruntled GOPer), and<br>JOHN DOE #15 (a.k.a. Bushar the Wuss),<br>JOHN DOE #16 (a.k.a. time to pay the piper),<br>JOHN DOE #17 (a.k.a. Attorney Hank Clarke)<br>JOHN DOE #18 (a.k.a. DeWalt)<br>JOHN DOE #19 (a.k.a. Larry Padora comes clean)<br>JOHN DOE #20 (a.k.a. skooklife)<br>JOHN DOE #21 (a.k.a. skooklife.com)<br>JOHN DOE<br>                              Defendants. | **IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**<br><br><br>Docket No.   _3:11-cv-01653_<br><br><br><br>**AMENDED COMPLAINT** |

## AMENDED COMPLAINT

AND NOW, come the Plaintiffs, LARRY PADORA, SONJA PADORA, BUDDY A. TOUCHINSKY, D.C., ROBERT HEFFNER and JOSEPH D. STERNS, (collectively "Plaintiffs") by and through their attorneys, who bring this Amended Complaint against the Defendants and aver the following:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, § 1338, § 1367.

2.      This Court has supplemental jurisdiction over Plaintiffs' claims arising under the laws of Pennsylvania pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under Federal Law that they form part of the same case of controversy and derive from a common nucleus of operative fact.

3.      This Court has personal jurisdiction over all the Defendants by virtue of their admissions to living in Schuylkill County, Pennsylvania and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is part of this action is situated here.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 1400.

## PARTIES

5.      The Plaintiff, Larry Padora, is an adult individual with a mailing address of P.O. Box 159, New Ringgold, Schuylkill County, Pennsylvania 17960.  Larry Padora is also the husband of Plaintiff Sonja Padora.

6.      The Plaintiff, Sonja Padora, is an adult individual with a mailing address of P.O. Box 159, New Ringgold, Schuylkill County, Pennsylvania 17960.  Sonja Padora is also the wife of Plaintiff Larry Padora.

7.      Plaintiff, Buddy A. Touchinsky, D.C., is an adult individual with a mailing address of 225 Clark Drive, Orwigsburg, Schuylkill County, Pennsylvania 17961.

8.      Plaintiff, Robert Heffner, is an adult individual with a mailing address of 1516 Howard Avenue, Pottsville, Schuylkill County, Pennsylvania 17901.

9.      The Plaintiff, Joe Sterns, is an adult individual with a mailing address of 203 Chestnut Ridge Drive, Orwigsburg, Schuylkill County, Pennsylvania 17961.

10.      The Defendant, Frank Kennedy, is an adult indult with an address of 1800 Elk Avenue, Pottsville, Schuylkill County, Pennsylvania.

11.      The Defendant, Jeff Blackman, is an adult individual with an address of 321 North 18th Street, Pottsville, Schuylkill County, Pennsylvania.

12.      Defendants Kennedy, Blackman, and John Doe(s) #1-21 are real people using pseudonyms to post electronic messages with defamatory content and to post copyrighted material on various public Internet websites including Topix.com, Thegreenscreen.net, skooklife.com, Google.com, skook.socialgo.com, newsvine.com, yfrog.com, Yahoo.com, Facebook.com, Twitter.com, and yorkvillecrusader.blogspot.com.

13.      Plaintiffs believe and aver that Defendants Kennedy and Blackman are, in fact, using the pseudonyms assigned to John Does #1-21.

14.       However, Defendants have gone to great effort to shield their identities, to hide themselves from the consequences of their infringing and defamatory conduct, and to facilitate the continuation their defamatory and injurious conduct.  As such, Plaintiffs therefore sue John

Does #1-21 in addition by those fictitious names to lessen confusion as to which pseudonym has been used for which tortuous behavior, and in the event discovery reveals that persons in addition to Defendants Kennedy and Blackman are using said pseudonyms, then Plaintiffs will seek leave of the court to amend this Complaint to allege additional true names.  All references to any Defendant in the following allegations shall be interpreted to include a reference to any and/or all of the Defendants, including Kennedy and Blackman.  Plaintiffs believe, and thereon allege, that each of the Defendants designated herein as a John Doe Defendants and identified by their various usernames, is in some manner responsible for the events and happenings herein referred to and caused damages to Plaintiffs as alleged below.

## BACKGROUND

15.     Technological advances have made it increasingly possible to transfer images and post messages on the Internet anonymously.  As Congress and the court clarify the law and close legal loopholes in order to hold infringers and defamers liable for their actions, anonymous Internet identities develop new and complex means of shielding their identity to engage in infringement and defamatory behavior, hoping the complexity of their systems will help them avoid detection, identification and prosecution.  Defendants' operation represents this type of complex and concerted effort.

16.     The infringement, harassment, and defamatory postings, which are detailed more fully in this Complaint, began in October, 2010, on thegreenscreen.net with posters, John Doe #9 (Yorkville Crusader) and John Doe #6 (Incinerator) posting and sending private message to Plaintiff Joe Sterns, making clear it was his intention to destroy Mr. Sterns' political career and that his services would go to the highest bidder, either that Mr. Sterns would provide him with a job or he would look for another individual to hire him to post harassing and defamatory

messages.  Examples of this content are included in **Exhibits H and I**, *supra*.

17.    Defendant John Doe #9 (Yorkville Crusader) and/or the other Defendants also created a website at www.yorkvillecrusader.blogspot.com, which described the Yorkville Crusader as "A real life Superhero who hails from Schuylkill County, PA", which blog was used to post harassing and defamatory postings about the Plaintiffs as well as images of the Plaintiffs.

18.    Thereafter, Defendants began posting on the website Topix.com in forums concerning the City of Pottsville, Schuylkill County, Pennsylvania, initially with respect to Plaintiff Joe Sterns, then broadening the scope of the postings to include postings regarding Plaintiff Larry Padora and then Plaintiffs Sonja Padora, Buddy A. Touchinsky, D.C., and Robert Heffner.

19.    Defendant John Doe #21 (skooklife.com) then began a website skooklife.com, which website reiterated the harassing and defamatory content which was posted on websites such as Topix.com.  While the skooklife.com website had changed formats from November, 2010 until the present, consistently its content included links and repetitions of the content described in this Complaint as defamatory and harassing and the website featured pictures of Defendant John Doe #9 (Yorkville Crusader) and Defendant John Doe #1 (Floyd the Barber). True and correct copies of pages of the skooklife.com website linking postings by Topix.com, are marked **Exhibit A** attached hereto and incorporated herein by reference.

20.    On or about September 1, 2011, the Plaintiffs filed a Complaint in this action against the John Doe Defendants.

21.    In an effort to identify the Defendants, the Plaintiffs hired a licensed private investigator to find the internet protocol addresses and/or tie electronic evidence to the potential

suspects in a manner that gives sufficient *prima facie* evidence to support the Plaintiffs' causes of action.

22.     The private investigator hired by the Plaintiffs completed an extensive investigation to determine the internet protocol addresses and/or electronic evidence to connect the potential suspects with their unanimous screen names.

23.     The private investigator, Bruce C. Anderson, has detailed these efforts in an Affidavit dated June 15, 2011 (the "Affidavit"), which Affidavit is marked **Exhibit J**, attached hereto and incorporated herein by reference.

24.     As set forth more fully in the Affidavit, the investigator set-up trip wires designed to capture the internet protocol addresses of various Defendants.  These trip wires have lead the investigator to determine two (2) IP addresses associated with the Defendants.

25.     The first IP address traced by the investigator is 174.55.17.200, which IP address is associated with the United State Comcast Cable Communications, Inc. ("Comcast").

26.     The second IP address traced by the investigator is 174.55.12.239, which IP address is also associated with Comcast.

27.     On December 5, 2011, this Honorable Court ordered Comcast to release subscriber information for the above referenced IP addresses to the Plaintiffs.

28.     Comcast has indentified the subscriber of IP address 174.55.17.200 to be Defendant Kennedy.

29.     Comcast has indentified the subscriber of IP address 174.55.12.239 to be Defendant Blackman.

**COUNT I**
**COPYRIGHT INFRINGEMENT – 17 USC § 501**
*Larry Padora v. Defendants Kennedy, Blackman and John Does #1-21*

30.     The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 29, inclusive, as though the same were set forth herein at length.

31.     At all times relevant hereto, Plaintiff Larry Padora has been the owner of certain photographic images of himself working in the Italian Bakery, which images were generated by Kupres Twins Photography, who sold all rights to the images to Larry Padora.  Larry Padora is the sole owner of all rights to said images.

32.     Defendant John Doe #21 (skooklife.com), operated a blog at blog.skooklife.com on which he reproduced, distributed and publicly displayed Plaintiff Padora's image. A true and correct copy of the skooklife.com blog displaying an image of Plaintiff Larry Padora in the Italian Bakery (the "Padora Photo"), is marked **Exhibit B** attached hereto and incorporated herein by reference.

33.     Without authorization, Defendant John Doe #21 (skooklife.com) reproduced and distributed the Padora Photo.

34.     Plaintiff did not authorize Defendant John Doe #21 (skooklife.com) to copy, display or distribute the Padora Photo.

35.     Defendant John Doe #21 (skooklife.com) knew the infringed work belonged to Plaintiff and that he did not have permission to exploit Plaintiff's image.

36.     Defendant John Doe #21 (skooklife.com) knew his acts constituted copyright infringement.

37.     Defendant John Doe #21 (skooklife.com) conduct was willful within the meaning of the Copyright Act.

38.    As a result of their wrongful conduct, Defendant John Doe #21 (skooklife.com) is liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. §501.  Plaintiff has suffered, and will continue to suffer, damage to his reputation and business by having his image displayed and distributed by Defendant John Doe #21 (skooklife.com).

39.    Plaintiff is entitled to recover statutory damages as a result of Defendant John Doe #21 (skooklife.com) wrongful conduct. 17 U.S.C. §504(c).

40.    In addition, because Defendant John Doe #21 (skooklife.com), infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. §504(c)(2).

41.    Plaintiff is entitled to recover his attorneys' fees and costs of suit pursuant to 17 U.S.C. §505.

WHEREFORE, the Plaintiff, Larry Padora, respectfully requests judgment in his favor and against the Defendants, as follows: (1) that the Court enter a judgment against Defendants that they have willfully infringed Plaintiff Padora's rights in copyrights under 17 U.S.C.§501; (2) That the Court issue injunctive relief against Defendants and all those in active concert or participation with Defendants that they be enjoined and restrained from copying of infringing upon Plaintiff's photographs and images; (3) That the Court order Defendants to pay Plaintiff general, special and statutory damages pursuant to 17 U.S.C.§504; (4) That the Court order Defendants to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred in prosecuting this action pursuant to 17 U.S.C.§504; and (5) That the Court grant to Plaintiff such other and additional relief as is just and equitable.

**COUNT II**
**COPYRIGHT INFRINGEMENT – 17 USC § 501**
*Joseph D. Sterns  v. Defendants Kennedy, Blackman and John Does #1-21*

42.     The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 41, inclusive, as though the same were set forth herein at length.

43.     At all times relevant hereto, Plaintiff Joseph D. Sterns has been the owner of certain photographic images of himself, which images were taken by a professional photographer, who sold all rights to the images to Joseph D. Sterns.  Joseph D. Sterns is the sole owner of all rights to said images.

44.     Defendant John Doe #9 (Yorkville Crusader) and/or other Defendants, operated a blog at www.yorkvillecrusader.blogspot.com on which they reproduced, distributed and publicly displayed Plaintiff Sterns's image. A true and correct copy of the www.yorkvillecrusader.blogspot.com blog displaying an image of Plaintiff Sterns (the "Sterns Photo"), is marked **Exhibit C** attached hereto and incorporated herein by reference.

45.     Without authorization, Defendant John Doe #9 (Yorkville Crusader) and/or other Defendants reproduced and distributed the Sterns Photo.

46.     Plaintiff did not authorize Defendant John Doe #9 (Yorkville Crusader) and/or other Defendants to copy, display or distribute the Sterns Photo.

47.     Defendant John Doe #9 (Yorkville Crusader) and/or other Defendants knew the infringed work belonged to Plaintiff and that they did not have permission to exploit Plaintiff's image.

48.     Defendant John Doe #9 (Yorkville Crusader) and/or other Defendants knew their acts constituted copyright infringement.

49.     Defendant John Doe #9 (Yorkville Crusader) and/or other Defendants' conduct was willful within the meaning of the Copyright Act.

50.     As a result of their wrongful conduct, Defendant John Doe #9 (Yorkville Crusader) and/or other Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. §501.  Plaintiff has suffered, and will continue to suffer, damage to his reputation and business by having his image displayed and distributed by Defendant John Doe #9 (Yorkville Crusader) and/or other Defendants.

51.     Plaintiff is entitled to recover statutory damages as a result Defendant John Doe #9 (Yorkville Crusader) and/or Defendants wrongful conduct. 17 U.S.C. §504(c).

52.     In addition, because Defendant John Doe #9 (Yorkville Crusader) and/or other Defendants infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. §504(c)(2).

53.     Plaintiff is entitled to recover his attorneys' fees and costs of suit pursuant to 17 U.S.C. §505.

WHEREFORE, the Plaintiff, Joseph D. Sterns, respectfully requests judgment in his favor and against the Defendants, as follows: (1) that the Court enter a judgment against Defendants that they have willfully infringed Plaintiff Sterns's rights in copyrights under 17 U.S.C.§501; (2) That the Court issue injunctive relief against Defendants and all those in active concert or participation with Defendants that they be enjoined and restrained from copying of infringing upon Plaintiff's photographs and images; (3) That the Court order Defendants to pay Plaintiff general, special and statutory damages pursuant to 17 U.S.C.§504; (4) That the Court order Defendants to pay Plaintiff both the costs of this action and the reasonable attorney's fees

incurred in prosecuting this action pursuant to 17 U.S.C.§504; and (5) That the Court grant to Plaintiff such other and additional relief as is just and equitable.

## COUNT III
## DEFAMATION
*Larry Padora v. Defendants Kennedy, Blackman and John Does #1-21*

54.     The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53, inclusive, as though the same were set forth herein at length.

55.     At all times mentioned herein, Plaintiff Larry Padora is a longtime resident of Schuylkill County, Pennsylvania and employee of the Italian Bakery and Padora's Six Pack House located at 209 N. Railroad Street, Tamaqua, Schuylkill County, Pennsylvania 18252.

56.     At all times mentioned herein, Plaintiff Larry Padora held local office as the President of New Ringgold Borough Council, Vice Chairman of the Schuylkill County Republican Committee and was a candidate for Schuylkill County Commissioner.

57.     During this period the Plaintiff has enjoyed the esteem and respect of all who knew him and of the community in general.

58.     On various occasions, Defendants, well knowing the truth or in reckless disregard for the truth of the matters alleged herein, and intending to injure Plaintiff and to deprive him of his good name and character, harm Plaintiff's business and further intending to cause the Plaintiff to be defeated in primary election for the office of County Commissioner, to the benefit of Defendants, maliciously, wickedly and unlawfully made and published writings containing the following scandalous, defamatory and libelous statements concerning the Plaintiff:

        (a)     "What is the nastiest thing about Sonja Padora…is married to a drunk (Larry Padora)"

      * "What is the nastiest thing about Sonja Padora?" - Padoras Italian Bakery, *Topix.com*, 5/24/2011

  (b)  "Why Larry Padora will lose the primary. . . Little Larry as we call him around Tamaqua is a loser.  He has worked with his dad Mickey for his whole life, not because he chose to, but because no one else would hire him.  Back in 1990 Larry got behind the wheel after a night of drinking.  He ran the car into a tree and killed me.  I was a victim.  The Padora family has been able to cover this up because at the time Little Larry was 16, so his 'juvie' records are sealed. . .Larry has made promises to give Hank Clarke a fulltime Courthouse job as a Solicitor, if Larry gets elected. . .Larry is a daddy's boy, who could never do any wrong in Mickey's eyes.  Even after he killed me (Todd Fritz) in a drunken car crash"

      * "We need Experience, not Padora as a Commissioner" - Ghost of Todd Fritz, *Topix.com*, 5/24/2011

  (c)  "Slow down Larry Padora, you are driving way too fast!"

      * "Review: Dr. Buddy's Happy Endings" - Ghost of Todd Fritz, *Topix.com*, 4/19/2011

  (d)  "Why would anyone vote for a guy that works for his mom and dad baking bread, has no education beyond high school and no real work experience except bread making with Pops Padora. . . ."

      * "'New' Skook GOP wife swapping" - LADYGOOGOO, *Topix.com*, 4/21/2011

  (e)  "The 'new' Skook GOP is a group of swingers that likes to hang out at TJ's."

      * "Who is the fattest?" - DeWalt, *Topix.com*, 4/13/2011

  (f)  "I would like to apologize to the Fritz family for killing Todd…I just hope he doesn't release the twitpics of my weiner that I sent by mistake, ummmm I meant to say my twitter account was hacked again… just like Sternsy's was…"

      * Looking for Dirt on Local Republicans" - Larry Padora comes clean, *Topix.com*, 6/29/11

  (g)  "All I know, between Touchinsky and Padora, stay the hell off the roads when a 'new' skook GOP meeting let's [sic] out. Gunk…gunk…gunk… burrrrp."

      * You cannot silence us…" - skooklife, *Topix.com*, 6/5/11

(h)     "Vote for Larry Padora, he is one of us. A guy who drives drunk and gets in accidents."

* Review: Dr. Buddy's Happy Endings" - Tommy, *Topix.com*, 4/20/11

(i)     "Have you heard about that? They are a bunch of swingers that hang out at TJ's and "somebody" has some pics."

* "'new' Skook GOP wife swapping", LADYGOOGOO, *Topix.com*, 4/21/2011.

True and correct copies are attached hereto collectively and incorporated herein by reference as **Exhibit D.**

59.     In addition, Defendants and/or John Doe #7 created a webpage on Facebook.com entitled RIP Todd Fritz and published that Plaintiff Larry Padora was drunk and killed Todd Fritz.  <u>See</u> **Exhibit D**.

60.     Through the aforementioned postings, Defendants have labeled Plaintiff Larry Padora as a drunk, a murderer and/or killer, and unemployable.  The postings by the Defendants have also stated that Plaintiff Larry Padora engaged in bribery and deviant sexual activity.  All these allegations and categories are wholly false and without any basis in fact.  The very nature of these allegations and the serious stigma attached to them are *per se* defamatory under the common law of Pennsylvania and 42 Pa. C.S.§8343.

61.     At the time of the publication, Defendants knew that the statements and charges identified in Paragraph 58 were false, or acted with reckless disregard for their truth or falsity and with the specific intent of causing harm to the Plaintiffs.

62.      As a direct and proximate result of the Defendants' action, Plaintiff has been brought into reproach and has been injured in his good name, his credit, his personal and professional reputation, to his great detriment and financial loss.

63.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered humiliation, worry, physical stress and emotional distress.

64.     As a direct and proximate result of Defendants' conduct, Plaintiff has incurred costs associated with hiring an expert to ascertain the identity and/or location of the anonymous Defendants.

65.     The aforementioned scandalous, defamatory and libelous statements, postings and charges identified in Paragraph 58 were published electronically on public websites and are now recorded forever in the Internet record of archives, may be found at any time by anyone in the future based on random or targeted search and as such are likely to harm to the Plaintiff in the future.

66.     Such false statements have forever jeopardized the Plaintiff's reputation and financial standing in regards to his business, future employment and future endeavors of any and all sorts, be they personal, professional and business.

67.     The conduct of Defendants as alleged herein is malicious, outrageous, wanton, reckless, willful, oppressive and the result of bad motive and/or reckless indifference to the rights of the Plaintiff thereby warranting an award of punitive damages to the Plaintiff.

WHEREFORE, the Plaintiff, Larry Padora, respectfully requests this Honorable Court to enter judgment in his favor and against the Defendants, jointly and severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars, to award him punitive damages, to award him his costs of suit, enjoin the Defendants from further postings regarding Larry Padora and to grant him such further relief as this Honorable Court deems just and equitable.

**COUNT IV**
**DEFAMATION**
*Sonja Padora v. Defendants Kennedy, Blackman and John Does #1-21*

68.     The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 67, inclusive, as though the same were set forth herein at length.

69.     At all times mentioned herein, Plaintiff Sonja Padora is a licensed nurse practitioner, a longtime resident of Schuylkill County and has enjoyed the esteem and respect of all who knew her and of the community in general.

70.     On various occasions, Defendants, well knowing the truth or in reckless disregard for the truth of the matters alleged herein, and intending to injure Plaintiff and to deprive her of her good name and character, harm, maliciously, wickedly and unlawfully made and published writings containing the following scandalous, defamatory and libelous statements concerning the Plaintiff:

(a)     "If you ever kissed, fingered or drunkenly banged [Sonja Padora], you better get an STD test."

* "Who is the Topix.com poster" - John Bushars [sic] gay lover, *Topix.com*, 5/20/2011

(b)     "What is the nastiest thing about Sonja Padora…saggy breasts, smelly loose vagina, likes to bang mexicans in chendo, performs tossed salads on Joe Sterns,. . . is married to a drunk (Larry Padora)"

* "What is the nastiest thing about Sonja Padora?" - Padoras Italian Bakery, *Topix.com*, 5/21/2011

(c)     "What about the skank looking of a wife that Padora has?  I hear the 'new' Skook GOP is also a swingers club?"

* "Who is the fattest?" -  Disgruntled GOPer, *Topix.com*, 4/14/2011

(d)     "I spent the next 3 hours making mad passionate love to that load of Padora bread.  I fantasized I was banging Larry's wife Sonja.  I shot my load deep in the bread."

* "Padora Italian Bread used as artificial vagina" - Bushar the Wuss, *Topix.com*, 5/14/2011.

(e)    "Dear Mrs. Padora, You wrongly attacked the Liptok family.  You now reap what you sow."

* "What is the nastiest thing about Sonja Padora?" - time to pay the piper, *Topix.com*, 5/21/2011

True and correct copies are attached hereto collectively and incorporated herein by reference as **Exhibit E.**

71.    The aforementioned postings by Defendants are likely to injure the Plaintiff's character or reputation for chastity and directly states that the Plaintiff has a sexually transmitted disease(s) and is a sexual deviant.  All these allegations and categories are wholly false and without any basis in fact.  The very nature of these allegations and the serious stigma attached to them are *per se* defamatory under the common law of Pennsylvania and 42 Pa. C.S.§8343.

72.    At the time of the publication, Defendants knew that the statements and charges identified in Paragraph 70 were false, or acted with reckless disregard for their truth or falsity and with the specific intent of causing harm to the Plaintiff.

73.     Based upon the vulgar, crude and threatening content of the Defendants' postings, Plaintiff believes that the Defendants may be psychologically unstable and she has serious concerns for her safety and that of her family.

74.    As a result of the Defendants' action, Plaintiff has been brought into reproach and has been injured in her good name, her credit, her personal and professional reputation, to her great detriment and financial loss.

75.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered humiliation, worry, physical stress and emotional distress.

76.     As a direct and proximate result of Defendants' conduct, Plaintiff has incurred costs associated with hiring an expert to ascertain the identity and/or location of the anonymous Defendants.

77.     The aforementioned scandalous, defamatory and libelous statements, postings and charges identified in Paragraph 70 were published electronically on public websites and are now recorded forever in the Internet record of archives, and may be found at any time by anyone in the future based on random or targeted search.

78.     Such false statements have forever jeopardized the Plaintiff's reputation, future employment and future endeavors of any and all sorts, be they personal, professional or business.

79.     The conduct of Defendants as alleged herein is malicious, outrageous, wanton, reckless, willful, oppressive and the result of bad motive and/or reckless indifference to the rights of the Plaintiff thereby warranting an award of punitive damages to the Plaintiff.

WHEREFORE, the Plaintiff, Sonja Padora, respectfully requests this Honorable Court to enter judgment in her favor and against the Defendants, jointly and severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars, to award her punitive damages, to award her costs of suit, enjoin the Defendants from further postings about Plaintiff Sonja Padora and to grant her such further relief as this Honorable Court deems just and equitable.

## COUNT V
## DEFAMATION
*Buddy A. Touchinsky, D.C. v. Defendants Kennedy, Blackman and John Does #1-21*

80.     The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 79, inclusive, as though the same were set forth herein at length.

81.     Plaintiff Buddy Touchinsky, D.C., is a longtime resident of Schuylkill County, a small business owner, licensed chiropractor, the founder and clinic director of Blue Mountain Family Chiropractic located at 1120 Centre Turnpike, Orwigsburg, Schuylkill County, Pennsylvania 17961.

82.     During this period the Plaintiff has enjoyed the esteem and respect of all who knew him and of the community in general.

83.     On various occasions, Defendants, well knowing the truth or in reckless disregard for the truth of the matters alleged herein, and intending to injure Plaintiff and to deprive him of his good name and character and harm Plaintiff's business, maliciously, wickedly and unlawfully made and published writings containing the following scandalous, defamatory and libelous statements concerning the Plaintiff:

(a)     "Buddy told me was a Doctor, then he gave me a prostate exam.  It was painful, he didn't use any lube.  Are chiropractors trained to do prostate exams?  He squeezed the family jewels and told me to cough and them I blew a load all over the exam table."

* "Review: Dr. Buddy's Happy Endings." - Tommy, *Topix.com*, 4/20/2011

(b)     "Touchinsky = code for hand job."

* "Review: Dr. Buddy's Happy Endings." Attorney Hank Clarke, *Topix.com*, 4/19/2011

(c)     "It's real simple, just like Buddy Touchinsky, I pay my employees very little and provide unaffordable health plans, so it forces them to apply for welfare, access cards, wic, food stamps and public housing."

* "Review: Crestview Enterprises" - John Bushar, *Topix.com*, 5/4/2011

(d)     "Does Dr. Buddy spit or swallow?   What does he charge for a Touchinsky?"

* "Review: Dr. Buddy's Happy Endings." - Ghost of Todd Fritz, *Topix.com*, 4/19/2011

(e)   "All I know, between Touchinsky and Padora, stay the hell off the roads when a "new" skook GOP meeting let's out. Gunk… gunk…gunk… burrrrp."

* You cannot silence us…" - skooklife, *Topix.com*, 6/5/11

(f)      "Don't forget to get a prostate massage from Dr. B, he knows how to milk a man better than anyone in Schuylkill County."

*Green Screen tightens security, Squirrels become more aggressive, Local News, Topix.com.com, 6/20/2011

True and correct copies are attached hereto collectively and incorporated herein by reference as **Exhibit F.**

84.     Through the aforementioned postings, Defendants have stated that Plaintiff Buddy Touchinsky uses improper medical procedures, assaults patients, uses questionable business practices and is a drunk driver.  All these allegations are wholly false and without any basis in fact. Plaintiff Touchinsky conducts his business professionally, takes great pride in treating his patients in accordance with chiropractic standards, and is not a drunk driver.  Further, Plaintiff has never performed any medical procedure, including a prostate exam, other than those skills and techniques performed by chiropractors.  The very nature of these allegations and the serious stigma attached to them are *per se* defamatory under the common law of Pennsylvania and 42 Pa. C.S.§8343.

85.     At the time of the publication, Defendants knew that the statements and charges identified in Paragraph 83 were false, or acted with reckless disregard for their truth or falsity and with the specific intent of causing harm to the Plaintiffs.

86.     As a result of the Defendants' action, Plaintiff has been brought into reproach and has been injured in his good name, his credit, his personal and professional reputation,  to his great detriment and financial loss.

87.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered humiliation, worry, physical stress and emotional distress.

88.     As a direct and proximate result of Defendants' conduct, Plaintiff has incurred costs associated with hiring an expert to ascertain the identity and/or location of the anonymous Defendants.

89.     The aforementioned scandalous, defamatory and libelous statements, postings and charges identified in Paragraph 83 were published electronically on public websites and are now recorded forever in the Internet record of archives, and may be found at any time by anyone in the future based on random or targeted search.

90.     Such false statements have forever jeopardized the Plaintiff's reputation and financial standing in regards to his business, future employment and future endeavors of any and all sorts, be they personal, professional, business.

91.     The conduct of Defendants as alleged herein is malicious, outrageous, wanton, reckless, willful, oppressive and the result of bad motive and/or reckless indifference to the rights of the Plaintiff thereby warranting an award of punitive damages to the Plaintiff.

WHEREFORE, the Plaintiff, Buddy Touchinsky, respectfully requests this Honorable Court to enter judgment in his favor and against the Defendants, jointly and severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars, to award him punitive damages, to award him his costs of suit, enjoin the Defendants from further postings about Plaintiff Buddy Touchinsky and/or Blue Mountain Chiropractic or any other business venture of Plaintiff Buddy

Touchinsky, and to grant him such further relief as this Honorable Court deems just and equitable.

## COUNT VI
## DEFAMATION

*Robert Heffner v. Defendants Kennedy, Blackman and John Does #1-21*

92.     The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 91, inclusive, as though the same were set forth herein at length.

93.     Plaintiff Robert Heffner is a longtime resident of Schuylkill County and a federal government employee.

94.     During this period the Plaintiff has enjoyed the esteem and respect of all who knew him and of the community in general.

95.     On various occasions, Defendants, well knowing the truth or in reckless disregard for the truth of the matters alleged herein, and intending to injure Plaintiff and to deprive him of his good name and character and detrimentally impact Plaintiff's employment, maliciously, wickedly and unlawfully made and published writings containing the following scandalous, defamatory and libelous statements concerning the Plaintiff:

(a)      "The person responsible for posting Eric Cartman using a Tamaqua IP on Topix.com is Robert Heffner of Tamaqua.  He is employed by the Social Security office in Pottsville as a Service Representative, which explains how he obtained the Colonel's personal information.  Robert Heffner has continually posted the Colonel's private information on this and other websites."

* "Robert Heffner outed as 'Eric Cartman'" - Floyd The Barber, *Topix.com*, 5/12/2011

(b)      "Here is a pic of Heffner at Padora's fundraiser. . . This kid will get fired for using the Colonel's personal info that he obtained from his job at the Soc. Sec. office."

* "Robert Heffner outed as 'Eric Cartman'" - Floyd The Barber, *Topix.com*, 5/12/2011

(c)     "Rob Heffner is your little half retarded butt boy…{he} works at the Pottsville Soc Sec office and messes with KERNAL…[he] is a 'new' skook GOP Groupie, loves blowing Padora and Sterns…[he] lost his virginity to Christine Holam at a drunken fundraiser…"

* you cannot silence us…" - anon, *Topix.com*, 7/1/11

True and correct copies are attached hereto collectively and incorporated herein by reference as **Exhibit G.**

96.     Through the aforementioned postings, Defendants have stated that Plaintiff Robert Heffner uses and/or abuses his federal government position.  These allegations are wholly false and without any basis in fact. The very nature of these allegations and the serious stigma attached to them are *per se* defamatory under the common law of Pennsylvania and 42 Pa. C.S.§8343.

97.     At the time of the publication, Defendants knew that the statements and charges identified in Paragraph 95 were false, or acted with reckless disregard for their truth or falsity and with the specific intent of causing harm to the Plaintiff.

98.      As a result of the Defendants' action, Plaintiff has been brought into reproach and has been injured in his good name, his credit, his personal and professional reputation, to his great detriment and financial loss.

99.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered humiliation, worry, physical stress and emotional distress.

100.    As a direct and proximate result of Defendants' conduct, Plaintiff has incurred costs associated with hiring an expert to ascertain the identity and/or location of the anonymous Defendants.

101.    The aforementioned scandalous, defamatory and libelous statements, postings and charges identified in Paragraph 95 were published electronically on public websites and are now recorded forever in the Internet record of archives, and may be found at any time by anyone in the future based on random or targeted search.

102.    Such false statements have forever jeopardized the Plaintiff's reputation and financial standing in regards to his business, future employment and future endeavors of any and all sorts, be they personal, professional, business.

103.    The conduct of Defendants as alleged herein is malicious, outrageous, wanton, reckless, willful, oppressive and the result of bad motive and/or reckless indifference to the rights of the Plaintiff thereby warranting an award of punitive damages to the Plaintiff.

WHEREFORE, the Plaintiff, Robert Heffner, respectfully requests this Honorable Court to enter judgment in his favor and against the Defendants, jointly and severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars, to award him punitive damages, to award him his costs of suit, enjoin the Defendants from further postings about Plaintiff Robert Heffner and to grant him such further relief as this Honorable Court deems just and equitable.


## COUNT VII
## DEFAMATION
*Joseph D. Sterns v. Defendants Kennedy, Blackman and John Does #1-21*


104.    The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 103, inclusive, as though the same were set forth herein at length.

105.    At all times mentioned herein, Plaintiff Joseph D. Sterns is a longtime resident of Schuylkill County, owner of FirstWater Consulting, a political consulting firm, the Executive

Director of a non-profit organization known as Citizens Alliance of Pennsylvania (CAP), and is the Chairman of the Schuylkill County Republican Committee.

106.    During this period the Plaintiff has enjoyed the esteem and respect of all who knew him and of the community in general.

107.    On various occasions, Defendants, well knowing the truth or in reckless disregard for the truth of the matters alleged herein, and intending to injure Plaintiff and to deprive him of his good name and character, harm Plaintiff's business and/or ability to earn a livelihood, maliciously, wickedly and unlawfully made and published writings containing the following scandalous, defamatory and libelous statements concerning the Plaintiff:

(a)    "In fact, Joe utilizes his taxpayer funded position in the state senate as a bully pulpit where he sits back at the taxpayers' expense and plays politics.  I have in my possession, proof of his inappropriate use of government computers to engage in political maneuvering in this race and others."

* "Do you feel the Skook GOP is headed in the right direction under Joe Sterns?" - reprint of a letter from Scott Thomas by the Yorkville Crusader, *thegreenscreenet.net*, 11/16/2010

(b)    "How is Larry doing?  Remember what happened to Joe Sterns last Protégé after he lost?  I was told by 'TruthSpreader' that Hornberger tried to 'off' himself when he lost. . .."

* "The Joe Sterns Curse" - Yorkville Crusader, *thegreenscreent.net*, 5/21/2011

(c)    "The 'new' Skook GOP is a group of swingers that likes to hang out at TJ's."

* "Who is the fattest?" - DeWalt, *Topix.com.com*, 4/13/2011

(d)    "John Bushar takes it up the butt from. . .Joe Sterns."

* "Who is the fattest?" - Disgruntled GOPer, *Topix.com.com*, 4/14/2011

(e)    "Racist McCain Supporters in Pottsville, Pennsylvania….GOP Chairman Sterns leading racists in Pottsville, PA" & "Racism within the 'new' Skook GOP, Raist [sic] Schuylkill County GOPers call for the death of Obama"

        * photos/webpage - *skooklife.com*, 5/24/2011

      (f)     "Have you heard about that? They are a bunch of swingers that hang out at TJ's and "somebody" has some pics."

        * "'new' Skook GOP wife swapping" - LADYGOOGOO, *Topix.com.com*, 4/21/2011

      (g)     "Joe Sterns touched my pee pee."

        *"Vote NO on Larry Padora" - Tommy, *Topix.com.com*, 4/20/11

True and correct copies are attached hereto collectively and incorporated herein by reference as **Exhibit H.**

108.    Defendants John Doe #9 and John Doe #6 have also privately messaged the Plaintiff, admitting he/they knew the falsity of items posted, however, would continue to post about him and would look to be hired by persons to ruin the Plaintiff's reputation, more specifically as follows:

      (a)     "I cleaned up the Argall thread, now you owe me. I deleted about 50 posts that were calling you out. I wanted to give you a sample taste of my talents. Think about the amount of stress and paranoia inflicted on the local GOP. You need a guy like me. Besides, if your opponents hire me, you could be on the receiving end again."

        * "I cleaned up the Argall threat, now you owe me." -  Incinerator, *thegreenscreent.net*, 10/28/2010

      (b)     "You are lucky I didn't post links to the articles I found on the net accusing you of 'having a preference' for young 20ish males. . . There are [sic] a bunch of stuff out there on various forums, blogs that put you in a bad light. I struck to only posting news stories. Next time I might go deeper. I chose to stick to legitimate sources. . . THIS time around."

        * "Re: One more thing." - Incinerator, *thegreenscreent.net*, 10/29/2010.

      (c)     "Look at that incredible smear job I just did on Dunkel. Joe… you guys need me. You've seen my work. Even you have gotten sucked into it. You have to admit

I have a special talent that could serve your causes well.  Just tamper down your ego and think about it.  And stop telling people I'm threatening you.

> \* "My offer still stands…" - YorkvilleCrusader, *thegreenscreent.net*, 11/7/2010

      (d)    "My political consulting 'services' will go to the highest bidder. Can you guys afford me?"

> \* "My political consulting 'services' will go to the highest bidder" - YorkvilleCrusader, *thegreenscreent.net*, 11/16/2010

      (e)    "Exposing you and your hack connections and bringing you down politically is my new full time hobby. This is going to be fun."

> \* "My new hobby", Incinerator, *thegreenscreent.net*, 10/21/2010.

      (f)    "I did you favor. Let me know if you need my skills or services in the future. I am willing to commute to Harrisburg."

> \* "I did you a favor", Incinerator, *thegreenscreent.net*, 10/28/2010.

True and correct copies are attached hereto collectively and incorporated herein by reference as **Exhibit I.**

109.    Through the aforementioned postings, Defendants have labeled Plaintiff Joseph D. Sterns as a pedophile.  The very nature of these allegations and the serious stigma attached to them are *per se* defamatory under the common law of Pennsylvania and 42 Pa. C.S.§8343.

110.    Moreover, the postings by the Defendants have also stated that Plaintiff Sterns utilized a state government computer for political use and/or purposes which is a crime in Pennsylvania and is wholly false and without any basis in fact.  These allegations of an alleged criminal action are also *per se* defamatory under the common law of Pennsylvania and 42 Pa. C.S.§8343.

111.   In addition, the postings by the Defendants are likely to injure the Plaintiff's character or reputation for chastity.  All these allegations and categories are wholly false and without any basis in fact.

112.   At the time of the publication, Defendants knew that the statements and charges identified in Paragraph 107 were false, or acted with reckless disregard for their truth or falsity and with the specific intent of causing harm to the Plaintiffs.

113.    Plaintiff Sterns' ability to effectively perform his job and earn a livelihood is substantially based upon his reputation in the community and prior professional experience.  As a result of the Defendants' action, Plaintiff has been brought into reproach and has been injured in his good name, his credit, his personal and professional reputation, to his great detriment and financial loss.

114.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered humiliation, worry, physical stress and emotional distress.

115.   As a direct and proximate result of Defendants' conduct, Plaintiff has incurred costs associated with hiring an expert to ascertain the identity and/or location of the anonymous Defendants.

116.   The aforementioned scandalous, defamatory and libelous statements, postings and charges identified in Paragraph 107 were published electronically on public websites and are now recorded forever in the Internet record of archives, and may be found at any time by anyone in the future based on random or targeted search.

117.   Such false statements have forever jeopardized the Plaintiff's reputation and financial standing in regards to his business, future employment and future endeavors of any and all sorts, be they personal, professional, business.

118.    The conduct of Defendants as alleged herein is malicious, outrageous, wanton, reckless, willful, oppressive and the result of bad motive and/or reckless indifference to the rights of the Plaintiff thereby warranting an award of punitive damages to the Plaintiff.

WHEREFORE, the Plaintiff, Joseph D. Sterns, respectfully requests this Honorable Court to enter judgment in his favor and against the Defendants, jointly and severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars, to award him punitive damages, to award him his costs of suit, enjoin the Defendants from further postings about Joe Sterns, FirstWater Consulting and CAP and to grant him such further relief as this Honorable Court deems just and equitable.

Respectfully submitted,

Dated: March 2, 2012                     By: Stephen T. Carpenito, Esquire /s/
                                              Attorney for Plaintiffs